UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                            CASE NO.: 8:09-cv-2309-T-23TBM

WASHINGTON DATA RESOURCES,
INC., et al.,

    Defendants.
_____/

## ORDER

A November 13, 2009, order (Doc. 19) granted in part the Commission's motion (Doc. 2) for a temporary restraining order and asset freeze (the "TRO")[1] against the defendants and ordered the defendants to show cause why a preliminary injunction should not issue. Following entry of the TRO, the Commission entered a stipulated preliminary injunction with each defendant except Richard A. Bishop ("Bishop"). On November 23, 2009, Magistrate Judge Thomas B. McCoun, III, held a hearing as to the Commission's request for a preliminary injunction and a continuation of the asset freeze as to Bishop. Pursuant to 28 U.S.C. § 636, Magistrate Judge McCoun issued a report and recommendation (Doc. 60) that recommends entry of a preliminary injunction as to Bishop and a continuation of the asset freeze (not extending to income or assets that Bishop lawfully obtained after entry of the TRO).

---

[1] A November 24, 2009, order (Doc. 44) extends the TRO until 12:10 p.m. on December 14, 2009.

Bishop objects (Doc. 62) to the report and recommendation.  Additionally, Bishop moves (Doc. 59) to dissolve or modify the asset freeze imposed pursuant to the TRO.  The Commission responds (Doc. 63) in opposition.  A *de novo* determination of those portions of the report and recommendation to which Bishop objects reveals that the objections either are unfounded or otherwise require no different resolution of the motion.  Accordingly, Bishop's objections (Doc. 62) are **OVERRULED**.  The Magistrate Judge's report and recommendation (Doc. 60) is **ADOPTED**.  The Commission's motion (Doc. 66) to extend the TRO is **DENIED AS MOOT**.  Bishop's motion (Doc. 59) to dissolve or modify the asset freeze is **REFERRED**, pursuant to 28 U.S.C. § 636, to Magistrate Judge McCoun.

Accordingly, the Commission's request for a preliminary injunction is granted as follows:

## I. CONDUCT PROHIBITIONS

In connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, Bishop, and each of his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from:

    a.    Falsely representing, or assisting others who are falsely representing, either orally or in writing, expressly or by implication, any of the following:

        i.    that Bishop or other person will:

(1) obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

(2) obtain or arrange lower monthly mortgage payments for any consumer;

(3) obtain or arrange affordable monthly mortgage payments for any consumer;

(4) obtain or arrange lower interest rates on any home loan, deed of trust, or mortgage for any consumer;

(5) stop, prevent, or postpone any home mortgage foreclosure sale;

(6) save any consumer's residence from foreclosure;

(7) prevent a notice of default from being filed with respect to any consumer's residence or home loan;

(8) obtain or write a new home loan for any consumer;

(9) obtain or arrange a forbearance from any mortgage loan holder or servicer;

(10) obtain or arrange any agreement whereby any consumer's mortgage payments are deferred for any period of time; or

(11) immediately or promptly contact any consumer's mortgage loan holder or servicer;

ii. the degree of success that Bishop or any other person has had in performing any mortgage loan modification or foreclosure relief service;

iii. the length of time that Bishop or any other person has been providing any mortgage loan modification or foreclosure relief service;

iv. the nature, expertise, position, or job title of any employee, agent, representative, contractor, independent contractor, or any other person who provides any service to Bishop or any other person, including, but not limited to, that any person has more legal knowledge or training than the typical individual, including that any person is a paralegal or legal assistant;

v. the terms that any mortgage loan holder or servicer will or is likely to offer or accept to cure any delinquency or default on, or to reinstate, any mortgage, deed of trust, or other home loan;

vi. the amount of time it will take or is likely to take for Bishop or any other person to obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreemeent;

vii. the nature of Bishop's or any other person's relationship with any mortgage loan holder or servicer, or other lender;

viii. that Bishop or any other person is affiliated with, endorsed or approved by, or otherwise connected to the United States government or any federal homeowner relief or financial stability program; or

    ix. any other material fact.

  b. Representing, or assisting others who are representing, expressly or by implication, any degree or rate of success that Bishop or any other person has had in performing any mortgage loan modification or foreclosure relief service, unless, at the time of making the representation, Bishop has a reasonable basis supporting such a representation.

In connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, Bishop, and his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from violating, or assisting others in violating, any provision of the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, including, but not limited to, by:

  c. Misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristic of any good or service, Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii); or

  d. Misrepresenting, directly or by implication, affiliation with, or endorsement by, any government or third party organization, Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii).

In connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, Bishop, and his assigns,

agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from requesting or receiving payment of any fee or consideration or any kind in advance of performing each and every mortgage loan modification or foreclosure relief service that Bishop contracted to perform or represented would be performed.

## II.  ASSET & RECORD RETENTION

Bishop, and his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from:

> e.  Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any asset, wherever located, including outside the United States, that is:
>
> i.  owned or controlled by, or in the actual or constructive possession of, Bishop, in whole or in part;
>
> ii.  held, directly or indirectly, for the benefit of Bishop, in whole or in part;

       iii.     held by an agent of Bishop as a retainer for the agent's provision of services to Bishop; or

       iv.     owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity that is owned, managed, or controlled, directly or indirectly, by Bishop, including, but not limited to, any asset held by, for, or subject to access by, Bishop at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor or other payment processor, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

f. Opening or causing to be opened any safe deposit box in the name of Bishop, or subject to access by Bishop;

g. Incurring liens or other encumbrances on any asset in the name, singly or jointly, of any corporation, partnership, or other entity owned, managed, or controlled, directly or indirectly, by Bishop;

h. Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of Bishop or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Bishop, that would cause the card to reach a balance on any monthly or periodic statement in excess of ten thousand dollars ($10,000.00);

***Provided, however,*** that this Paragraph shall be construed to include (a) all of Bishop's assets existing as of November 13, 2009, and (b) as to assets acquired by the Bishop after November 13, 2009, those assets derived from the activities which are the subject of this action or from activities prohibited by this order.

***Provided further, however,*** that nothing in this order shall prohibit Bishop's access to and use of any income or earnings he lawfully obtains after entry of this order, subject to all reporting requirements in this order and the Commission's continuing ability to collect any consumer redress from such future earnings or income.

## DUTIES OF ASSET HOLDERS

Any financial or brokerage institution, business entity, or other person who receives notice of this order that holds, controls, or maintains custody of any account or asset of Bishop, or has held, controlled, or maintained custody of any account or asset at any time since January 1, 2008, shall:

i. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of this court;

j. Deny Bishop access to any safe deposit box that is titled in the name of any Bishop, either individually or jointly; or otherwise subject to access by Bishop;

k. Unless done pursuant to the TRO, provide Commission's counsel, within seven (7) days of entry of this order, a sworn statement setting forth:

      i.      the number of each account or asset held on behalf of, or for the benefit of, the Bishop;

      ii.      the balance of each such account, or a description of the nature and value of each asset as of the close of business on the day on which this order is received, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

      iii.      the identification of any safe deposit box that is either titled, individually or jointly, in the name of Bishop, or is otherwise subject to access by Bishop; and

I.      Allow Commission representatives immediate access to inspect and copy all documents and records pertaining to the account, asset, or safe deposit box, including, but not limited to, account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Alternatively, the institution, entity, or other person may deliver to the Commission copies of the documents and records requested by the Commission;

## REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

Within seven (7) days following entry of this order, Bishop shall:

m. Take such steps as are necessary to transfer to the territory of the United States of America all documents and assets that are located outside of such territory and are held by or for Bishop or are under Bishop's direct or indirect control, jointly, severally, or individually;

n. Provide the Commission with a full accounting of all documents and assets that are located outside of the territory of the United States of America and are held by or for Bishop or are under Bishop's direct or indirect control, jointly, severally, or individually; and

o. Hold and retain all transferred documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

## INTERFERENCE WITH REPATRIATION

Bishop is restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets or in the hindrance of the repatriation required by the preceding section of this order, including but not limited to:

p. Sending or causing to be sent any statement, letter, fax, e-mail, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement, until such time as all assets have been fully repatriated pursuant to the preceding section of this order; and

q. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this order or of the fact that repatriation is required pursuant to a court order, until such time as all assets have been fully repatriated pursuant to the preceding section of this order.

## CONSUMER CREDIT REPORTS

Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the Commission a consumer report concerning Bishop.

## PROHIBITION ON DISCLOSURE OF CUSTOMER LISTS

Bishop, and each of his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are restrained and enjoined from:

r. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility account, mortgage loan account, or debit card), e-mail address, or other

identifying information of any person whose identifying information was acquired by Bishop, at any time prior to entry of this order, in connection with the purchase of any mortgage loan modification or foreclosure relief service; and

s.  Using or benefitting from, for commercial purposes, the name, address, telephone number, social security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility account, mortgage loan account or debit card), e-mail address, or other identifying information of any person whose identifying information was acquired by Bishop, at any time prior to entry of this order, in connection with the purchase of any mortgage loan modification or foreclosure relief service;

***Provided, however,*** that Bishop may disclose such identifying information (1) with the express written consent of the person whose information is disclosed, (2) to a law enforcement agency, or (3) as required or authorized by any law, regulation, or court order.

### PRESERVATION AND MAINTENANCE OF BUSINESS RECORDS

Bishop, and each of his assigns, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from:

t. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or Records of any kind that relate to the business practices or business or personal finances of any Bishop, individually or jointly; or

u. Failing to create and maintain documents or records that, in reasonable detail, accurately, fairly, and completely reflect Bishops' incomes, disbursements, transactions, and disposition of their assets.

## NOTIFICATION AND MONITORING

Unless already done so pursuant to the TRO, Bishop shall immediately provide a copy of this order to each affiliate, agent, partner, division, sales entity, assignee, employee, independent contractor, spouse, Internet web host or master, agent, attorney, or representative of Bishop, and shall, within fourteen (14) days from the date of entry of this order, provide the Commission with a sworn statement that Bishop has complied with this provision of the order, which statement shall include the names and addresses of each such person or entity who received a copy of this order.

Agents or representatives of the FTC may contact Bishop or his agents or representatives directly and anonymously for the purpose of monitoring compliance with sections I, II, and III of this order, and may tape record any oral communications that occur in the course of such contacts.

Bishop is restrained and enjoined, directly or indirectly, from creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on

counsel for the Commission a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

Bishop shall notify the Commission at least seven (7) days before affiliating with, becoming employed by, or performing any work for any business that is not a named defendant in this action. Each notice shall include Bishop's new business address and a statement of the nature of the business or employment and the nature of his or her duties and responsibilities in connection with that business or employment.

In light of the asset freeze, Bishop must give twenty-one (21) days notice to the Commission and this court before filing, or causing to be filed, on behalf of Bishop, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

## CORRESPONDENCE

For purposes of this order, all correspondence and service of pleadings on the parties may be sent by United States mail, electronic mail, or overnight courier, addressed as follows:

To the Commission:

**Jonathan Kessler, Esq.**
**Federal Trade Commission**
**1111 Superior Avenue, Suite 200**
**Cleveland, Ohio 44114–2507**
**Phone (216) 263-3436 / Fax (216) 263–3426**
**JKessler@ftc.gov**

To Bishop:

**Marlow V. White**
**Lewis & White**
**P.O. Box 1050**
**Tallahassee, FL  32302**
**Phone (850) 425-5000 / Fax (850) 425-5004**
**mvw@lewisandwhite.com**

This order shall remain in place until the Commission and Bishop enter into a stipulated final order or until this court enters or denies the Commission's request for a permanent injunction after a trial.  This Court shall retain jurisdiction of this matter for all purposes.

ORDERED in Tampa, Florida, on December 14, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE