UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                                  CASE NO.: 8:09-cv-2309-T-23TBM

WASHINGTON DATA RESOURCES,
et al.,

    Defendants.
_____/

## **ORDER**

The pro se defendant Douglas A. Crowder moves unopposed (Docs. 153, 156) for an order excusing Crowder from the May 25, 2010, mediation before Peter J. Grilli in Tampa, Florida.[1] In support of the request, Crowder states (1) that he and the FTC "agreed in principal to some terms of a proposed settlement," (2) that "[t]here are other terms to which . . . Crowder has not agreed," and (3) that the FTC "indicated it will not deviate from those terms in the mediation . . . It thus appears that the pending mediation will not help facilitate a settlement between the FTC and . . . Crowder."[2]

---

[1] On May 17, 2010, Crowder announced (Doc. 154) his intent to file for bankruptcy in accord with Crowder's stipulated preliminary injunction and asset freeze (Doc. 37), which requires Crowder to provide both the FTC and the court with twenty-one days notice before Crowder files a petition for relief.

[2] A May 14, 2010, order (Doc. 151) excuses the defendants Optimum Business Solutions, LLC; Crowder Law Group, P.A.; Tyna Caldwell; Bruce Meltzer; and Kathleen Lewis from mediation because the defendants "reached an agreement in principle to settle with the FTC[] and are awaiting the FTC's preparation of the final settlement documents and administrative approval of the settlement." (Doc. 150) Thus, the defendants' agreement with the FTC awaits only formalization and administrative approval. In contrast, Crowder possesses an agreement to only "some terms" and continues to dispute other terms with the FTC.

Additionally, Crowder argues that "[t]raveling to attend the mediation[] and paying the mediator's fee would impose a hardship" on Crowder.

Crowder's assuming the ineffectiveness of mediation provides no basis for the court's excusing Crowder from mediation. Crowder's bearing the expense of travel and attendance at mediation is neither unique nor unduly burdensome. In addition to the court, each party (whether pro se or represented by counsel) bears the cost of litigation. Court-ordered mediation is the most effective method—short of a privately negotiated settlement—of reducing a party's legal expenses. Accordingly, Crowder's motion (Doc. 153) is **DENIED**. Unless Crowder reaches a complete settlement with the FTC before May 25, 2010, (and promptly notifies the court of such a settlement) Crowder must attend mediation.

ORDERED in Tampa, Florida, on May 20, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE