UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                              CASE NO.: 8:09-cv-2309-T-23TBM

WASHINGTON DATA RESOURCES,
et al.,

     Defendants.
_____/

## ORDER

The Federal Trade Commission (the "Commission") sues (Doc. 1) and alleges a violation of Section 5(a) of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45(a),[1] and a violation of the Commission's Telemarketing Sales Rule, 16 C.F.R. §§ 310.1-310.9 (the "TSR").[2]  The Commission seeks disgorgement and a permanent injunction.  The pro se defendant Tyna Caldwell moves (Docs. 222, 268) for summary judgment.  The defendant Richard Bishop moves (Doc. 234) for summary judgment, and the pro se defendants Brent McDaniel and Douglas Crowder join

_____

[1] "To establish liability under section 5 of the FTC[] [Act], the FTC must establish that (1) there was a representation[,] (2) the representation was likely to mislead customers acting reasonably under the circumstances, and (3) the representation was material." F.T.C. v. Tashman, 318 F.3d 1273, 1277 (11th Cir. 2003).

[2] The TSR prohibits misrepresentation in the sale of a good or service as to either "[a]ny material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer" or "[a] seller's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity."  16 C.F.R. § 310.3.

(Docs. 225, 226) Bishop's motion.[3]  The Commission responds (Docs. 248, 252) in opposition.

Background

In March, 2008, Jim Jackson (an attorney) introduced Crowder and Bishop, who became business associates.[4]  At the time, Crowder practiced bankruptcy law, and Bishop had recently managed an unsuccessful loan modification business.[5]  Jackson and Crowder eventually formed the firm Jackson, Crowder & Associates, P.A., (a/k/a the defendant Crowder Law Group, P.A.) with both Bishop's and McDaniel's help.[6]  Bishop established the "back office" operation, and McDaniel directed sales and marketing.[7]  Caldwell, who had worked for Bishop's loan modification business, became a supervisor in the "fulfillment division" of the firm with the title "senior vice[-]president of operations."[8]  Caldwell (among other tasks) supervised approximately twenty-five to thirty employees, typed scripts for the "enrollment division," and fielded consumer refund requests.  Caldwell asserts that she "had no ownership, control[,] or policymaking authority" and "had no role in the design, content, production[,] printing, mailing, fees, commissions, or any other payment relating to the postcard

---

[3] The defendants Crowder Law Group, Bruce Meltzer, Kathleen Lewis, and Optimum Business Solutions agreed to a proposed "consent judgment" (Docs. 207-208) with the Commission.

[4] (Doc. 234)

[5] (Docs. 234, 248)

[6] (Doc. 234)

[7] (Doc. 234)

[8] (Docs. 222, 248)

advertisements" that allegedly contain deceptive and misleading statements.  In response, however, the Commission cites deposition testimony for the assertion that Caldwell (with McDaniel) "essentially ran the company."[9]

Jackson, Crowder & Associates formed as a bankruptcy practice and began "to advertize . . . bankruptcy services for attorneys who associated" with the firm.  Between 2008 and 2009, the firm shifted from bankruptcy to loan modification.[10]  Although Bishop asserts that the defendants operated a legitimate foreclosure assistance business, the Commission claims that the "business" was in fact a "deceptive home loan modification scheme."[11]  The Commission claims that the deception occurred in the mass mailing of a postcard.[12] The return address on the postcard identifies the "Fresh Start Program," located at an address in Cleveland, Ohio, and a toll-free number.  The front of the postcard (1) warns "[t]his may be your FINAL NOTICE" that "[y]ou may qualify under the new government bailout to refinance your current mortgage and reduce your interest rate. Call Immediately" and (2) contains a "date of record" and a "document #".  The back of the postcard contains the statement "pre-qualified" and states the following:

> Attention Homeowner:
>
> The Hope4Homeowners is a new Government Bailout Program designed for homeowners just like you who have fallen behind on their mortgage. The Hope4Homeowners program will enable you to either refinance your existing loan or restructure your loan to reduce your interest rate and lower your mortgage payment.

---

[9] (Docs. 222, 248)

[10] (Docs. 222, 234, 248)

[11] (Docs. 234, 252)

[12] (Docs. 14, 117)

> To take advantage of this offer you should call immediately.
> THIS OFFER WILL NOT BE REPEATED.  Call Now!
>
> Sincerely,
>
> David Benson, Esq.

Again, the postcard identifies the toll-free number and admonishes the recipient to "CALL IMMEDIATELY".

According to the defendants, the postcard received both review and approval by The Florida Bar and the Florida Attorney General's economic crimes division.[13]  The defendants assert that each postcard received an "associated" attorney's examination and approval before the defendants affixed the attorney's "generic signature" to the postcard.  Crowder also purportedly reviewed each postcard.  After both Crowder's and the attorney's approval, the defendants mailed the postcard to consumers within the attorney's geographic practice area.  The defendants assert and present evidence to the effect (1) that, upon receiving a call, the defendant's sales staff unequivocally guaranteed no particular result and repudiated any suggestion that the defendants possessed some affiliation with the government; (2) that (according to the defendants' expert) the defendants' marketing material and other documents contained statements unlikely to mislead a "reasonable consumer"; (3) that the defendants' staff closely monitored calls to ensure that no employee misrepresented the defendants' affiliation with the government.[14]

---

[13] (Docs. 234, 234-21)  The purported review and approval occurred during the Attorney General's investigation of Bishop's first mortgage foreclosure business, Mortgage Assistance Solutions.  (Doc. 234-21)

[14] (Doc. 234)

However, the Commission claims that after a homeowner received a postcard and called the defendants, the homeowner heard a deceptive sales pitch.  Relying on evidence of scripts and recorded telephone calls, the Commission asserts that the defendants (through the defendants' sales staff) (1) "presented their loan modification program as a way to restructure the consumer's loan and lower the payment," (2) promised a result "tailored to the consumer's specific situation" and appeared to conduct a personalized analysis; (3) conducted no individual analysis of a consumer's situation; (4) described "great successes"; and (5) bolstered the false notion that the defendants possessed some connection with a government program.[15]

Additionally, the parties present conflicting evidence of the number of consumers who (1) paid for a loan modification, (2) received a loan modification plan, and (3) received a refund upon request.

Discussion

A claim is susceptible to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The non-moving party receives a favorable construction of the evidence and the benefit of each available, reasonable inference.  Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006). The movant must establish the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

---

[15] (Doc. 252)

In this instance, the defendants fail to establish the absence of a genuine issue of material fact.

Conclusion

Accordingly, the defendants' motions (Docs. 222, 225, 226, 234) for summary judgment are **DENIED**.

ORDERED in Tampa, Florida, on March 25, 2011.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE