UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                   CASE NO.: 8:09-cv-2309-T-23TBM

WASHINGTON DATA RESOURCES,
et al.,

     Defendants.
_____/


## ORDER

The Commission moves (Docs. 271, 311) to either exclude or limit the testimony of Thomas J. Maronick, a proposed expert witness for the defendant Richard Bishop. Bishop responds (Docs. 286, 329) in opposition.  Additionally, the Commission moves (1) to "pre-admit" certain consumer declarations (Doc. 307), (2) to strike certain deposition designations (Doc. 312), and (3) to permit out-of-state witnesses to testify by video conference (Doc. 314).  Bishop moves (Doc. 273) to exclude both testimony and exhibits by Andrew Dale and Tom Van Wazer, two summary witnesses proposed by the Commission.  Both Bishop and the defendant Brent McDaniel move (Docs. 308, 310) to exclude as irrelevant and prejudicial certain testimony and argument about Mortgage Assistance Solutions, LLC, and to present testimony by video conference.

Discussion

*1. Motion to Exclude Testimony by Thomas J. Maronick*

Rule 702, Federal Rules of Evidence, permits the admission of expert testimony

if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>;[1] and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

<u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1107

(11th Cir. 2005) (quoting <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir.

2004)); <u>Diocese of St. Petersburg, Inc. v. Safety Nat. Cas. Corp.</u>, 2009 WL 2602451

(M.D. Fla. 2009) (McCoun, Mag. J.) (citing <u>McCorvey v. Baxter Healthcare Corp.</u>, 298

F.3d 1253, 1257 (11th Cir. 2002)).  The proponent of the testimony must "demonstrate

that the witness is qualified to testify competently, that his opinions are based on sound

methodology, and that his testimony will be helpful to the trier of fact."  <u>Tessier</u>, 402

F.3d at 1107.  A "basic foundation" of admissibility is that the proposed expert's

testimony receives support from an "'appropriate validation, i.e., 'good grounds,' based

on what is known.'"  <u>Frazier</u>, 387 F.3d at 1261 (explaining that "[e]xactly <u>how</u> reliability is

evaluated may vary from case to case, but what remains constant is the requirement

that the trial judge evaluate the reliability of the testimony before allowing its admission

---

[1] <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993).

at trial.").[2]  Helpful expert testimony "concerns matters . . . beyond the understanding of the average lay person."  Frazier, 387 F.3d at 1262.  "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."  387 F.3d at 1262-63.

In moving to exclude, the Commission argues that Maronick's proposed testimony is neither reliable nor helpful.  Specifically, the Commission argues (1) that Maronick reviewed only a sample of the defendants' marketing material, a transcript of three investigative calls, a "form agreement" sent to each consumer who paid the defendants, and an undocumented statement of "performance data" by McDaniel during his deposition; (2) that Maronick's review of the marketing material and "performance data" is not rigorous and offers nothing more "than what lawyers could argue from the same evidence"; (3) that Maronick's review is incomplete; (4) that Maronick applied no discernible methodology or principle susceptible to replication or to evaluation; (5) that Maronick reviewed no evidence from consumers in forming an opinion about consumer perception; (6) that Maronick possesses no special insight into the perception of a consumer faced with financial difficulty and threatened with the loss of the consumer's home; (7) that Maronick failed to consider the perception of a consumer facing the loss of a home, i.e., the type of consumer targeted by the defendants; (8) that Maronick neither verified the "performance data" described in McDaniel's deposition nor reviewed the defendants' business records; and (9) that Maronick professed no knowledge of the

_____

[2] "The district court has broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous."  Evans v. Mathis Funeral Home, Inc., 996 F.2d 266, 268 (11th Cir. 1993).

terms "modification plan" and "mortgage loan modification," even though Maronick used the terms in his expert report (Doc. 271-1) in describing and relying on McDaniel's "performance data" claim.

In response, Bishop argues (1) that Maronick is "exceptionally" well qualified; (2) that Maronick's methodology comports with a Commission policy that evaluates alleged deceptive conduct by examining "the entire advertisement, transaction, or course of dealing" to determine how a reasonable consumer would respond; (3) that the type of evaluation that Maronick employed in this case is the type of evaluation that he conducted while working for the Commission; (4) that Maronick's testimony is helpful because the testimony is relevant and "factually fit"; (5) that Maronick declined to review "after-the-fact" consumer interviews based on the assumption that, in hindsight, the consumer has "a different motivation for recall memory"; (6) that the issue is not whether Maronick could have conducted a more extensive review or could have considered additional factors, but whether Maronick's review was "adequate and sufficient"; and (7) that exclusion of Maronick's testimony prejudices the defendants because the testimony "provides the trier of fact with expertise that is very helpful to the deception issues before this court."

In his expert report (Doc. 271-1), Maronick concludes that, based on the material he examined, "a reasonable consumer is not likely to be misled by the actions or marketing practices of the Crowder Law Group."  In reaching this conclusion, Maronick reviewed an excerpt of McDaniel's deposition, a transcript of three investigator telephone calls to the defendants' telemarketers, a sample of postcards addressed to

McDaniel, and an "application for legal services".  As the Commission notes, Maronick

reviewed no other deposition, no other marketing material, no consumer declaration, no

applicable legal precedent, and no business record.  Although Maronick concludes that

Crowder Law Group "had a relatively high level of success modifying mortgage loans on

behalf of . . . homeowners," Maronick's conclusion depends entirely upon McDaniel's

unsupported deposition testimony.  Thus, Maronick's opinion derives from an

incomplete review of pertinent evidence and depends upon an unverified, unsupported,

and speculative claim.  Most importantly, Maronick's conclusion as to the perception of

a "reasonable consumer" appears purely speculative, apart from any scientific or

technical knowledge or method, and unhelpful because the speculation rests entirely on

Maronick's unlearned prediction of consumer reaction and consumer perception.

Maronick's proposed testimony concerns a matter within the ken of the fact finder,

subject to primary evidence from consumers, and to which Maronick adds not reliable

expert opinion but only one person's opinion, which is no better than another person's

opinion.  Although perhaps qualified to provide "expert" opinion on some issue or in

some case, Maronick offers to this case testimony that concerns no matter "beyond the

understanding of the average lay person" and that appears incomplete, unreliable, and

unhelpful to the identification of a deceptive marketing practice.  Frazier, 387 F.3d at

1262.  Accordingly, exclusion of Maronick's testimony is warranted under both Daubert

and Rule 403.

### 2. Motion to Exclude Testimony & Exhibits
### by Andrew Dale & Tom Van Wazer

Bishop moves (Doc. 273) to exclude testimony and exhibits by Andrew Dale and Tom Van Wazer, analysts who intend to "present summaries of the Crowder Law Group's consumer databases and financial records pursuant to [Rule] 1006," Federal Rules of Evidence.  Because the Commission under Rule 26(a)(2)(C), Federal Rules of Civil Procedure, neither disclosed the subject of Dale's and Van Wazer's testimony nor identified Dale and Van Wazer as witnesses until the pre-trial statement, Bishop argues that the testimony and supporting exhibits merit exclusion.  In response, the Commission argues (1) that Rule 26(a)(2)(C) is inapplicable because Dale and Van Wazer are lay, summary witnesses under Rules 701 and 1006 and not expert witnesses under Rule 702; (2) that Bishop suffers no prejudice because the Commission offered both Dale and Van Wazer for deposition and Bishop declined; and (3) that Bishop intends to proffer similar evidence, which Bishop must present through a lay witness.

Rule 26(a)(2) governs the disclosure of expert testimony and requires a written report from certain expert witnesses and no written report from others.  Even if an expert witness is not required to file a written report, Rule 26(a)(2)(C) nonetheless requires that a party disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify."  On the other hand, if the witness is not an expert but a lay witness under Rule 701, neither a report nor a disclosure (as contemplated in Rule 26(a)(2)(C)) is required.  Furthermore, Rule 1006 permits a party to present the contents of "voluminous writings, recordings, or

photographs which cannot conveniently be examined" in the form of a "chart, summary, or calculation".  A witness who presents this type of summary testimony typically qualifies as a lay witness under Rule 701.  See United States v. Hamaker, 455 F.3d 1316, 1331-32 (11th Cir. 2006); East Coast Brokers & Packers, Inc. v. Seminis Vegetable Seeds, Inc., 2008 WL 5093602 (M.D. Fla. 2008) (Lazzara, J.).

In this instance, Dale and Van Wazer qualify as lay witnesses under Rule 701. Through Dale and Van Wazer, the Commission intends to present a summary of, and calculations based on, business records produced by the defendants in discovery.  The Commission asserts that neither Dale nor Van Wazer will proffer an opinion on the meaning of the calculations.  Rule 26(a)(2)(C) is therefore applicable because neither Dale nor Van Wazer intends to present evidence under Rule 702, 703, or 705 but both intend to present evidence under Rule 1006.  Accordingly, Bishop's motion for exclusion is unpersuasive.

### 3. Motion to "Pre-Admit" Certain Consumer Declarations Under Rule 807

On February 1, 2011, Bishop objected (Doc. 241) to the Commission's "notice" of an intent to proffer seven consumer declarations as substantive evidence under Rule 807.  Bishop argues (1) that the declarations lack sufficient indicia of trustworthiness; (2) that the declarations are distinguishable from the letters described in F.T.C. v. Figgie Intern., Inc., 994 F.2d 595 (9th Cir. 1993); and (3) that the Commission could with reasonable effort procure more probative evidence.  In response, the Commission argues (Doc. 260) that the declarations possess "sufficient circumstantial guarantees of trustworthiness" and that courts routinely admit under Rule 807 both sworn and

unsworn statements from consumers. The Commission moves (Doc. 307) to "pre-admit" the consumer declarations (Docs. 11, 12, 14, 15, 117, 252-17) under Rule 807, and Bishop responds (Doc. 320) in opposition.

Rule 807 provides a residual exception to Rule 802's prohibition on hearsay evidence. Rule 807 requires "'equivalent circumstantial guarantees of trustworthiness'" and (1) that the statement constitute evidence of a material fact, (2) that the statement possess more probative value on the point than any other evidence that a proponent could procure through "'reasonable efforts,'" and (3) that "'the general purposes of the[ ] rules and the interests of justice will best be served by admission of the statement into evidence.'" S.E.C. v. Kramer, ___ F. Supp. 2d ___, 2011 WL 1230808, *2 (M.D. Fla. 2011) (explaining that "[a]n excepted and admissible hearsay statement is nonetheless susceptible to exclusion under Rule 403.").

> Rule 807 "is to be utilized only rarely, and is not to be taken as a 'broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in Rules 803 and 804(b).'" In order to be admitted under Rule 807, there must be a "clear basis of trustworthiness" to support the out-of-court statement. "[T]he burden is on the party seeking to invoke the residual exception to clearly demonstrate the existence of the requisite guarantees of trustworthiness."

Reassure Am. Life Ins. Co. v. Warner, 2010 WL 4782776, *2 (S.D. Fla. 2010) (Martinez, J.) (quoting NLRB v. United Sanitation Serv., 737 F.2d 936, 941 (11th Cir.1984); United States v. Mathis, 559 F.2d 294, 299 (5th Cir.1977); and In re Terazosin Hydrochloride Antitrust Litigation, No. 99-MDL-1317, 2005 WL 5955699, at *5 (S.D. Fla. 2005) (Seitz, J.). In some instances, the Commission has successfully argued for admission of consumer declarations and letters under Rule 807. See Figgie,

994 F.2d at 608-09; F.T.C. v. Amy Travel Serv., Inc., 875 F.2d 564, 576-77 (7th Cir. 1989); F.T.C. v. Kuykendall, 312 F.3d 1329, 1343 (10th Cir. 2002) (noting that the defendants received notice of the consumer declarations and an opportunity to subpoena each consumer), vacated in part and affirmed in part, 371 F.3d 745, 767 (10th Cir. 2004).

In Figgie, the Commission received complaints from consumers about a heat detector sold by the defendant. At trial, the Commission offered the declaration of a Commission employee who "compiled the prices described in [a hundred and twenty-seven] letters" to determine the average price paid by each consumer and the extent of consumer injury. The defendants objected to the declaration as inadmissible hearsay. Figgie examines the admissibility of the letters under Rule 803(24) (now Rule 807). Figgie finds "circumstantial guarantees of trustworthiness" in that (1) no consumer possessed a familial relation with another consumer and each consumer independently sent a letter to the Commission, (2) each letter reported a "roughly similar experience," and (3) no consumer possessed a motive to lie about the price paid for a heat detector. Additionally, Figgie finds that "reasonable efforts" would not produce more probative evidence because a consumer's testimony on the price of a heat detector was "not likely to be any more reliable than the letters themselves."

In moving for admission of the declarations, the Commission argues (1) that each declaration possesses sufficient circumstantial guarantees of trustworthiness; (2) that each declaration occurred independently, under oath, and with personal knowledge and conveys an experience similar to other declarations; (3) that each declaration is

consistent with, and corroborated by, other evidence that the Commission intends to present at trial; (4) that the declarations are more trustworthy than live testimony because each consumer executed a declaration "closer in time to the events in question"; (5) that the declarations will prove material facts, i.e., the defendants' statements to consumers, the difficulty of obtaining a loan modification, and the defendants' failure to "live up to" the defendants' promises; (6) that reasonable effort will not produce more probative evidence and that procuring each consumer's live testimony to confirm "that the information set forth in the[] declaration is true" is neither reasonable nor efficient; (7) that admission of each declaration will "serve the interests of justice"; and (8) that the defendants received several weeks before trial notice of the Commission's intent to offer the declarations into evidence.

In response, Bishop argues (1) that the declarations are "rife with hearsay"; (2) that the Commission "bombarded the public with a plethora of press releases and public service announcements decrying for-profit loan modification businesses since at least June[,] 2007"; (3) that Commission procured the declarations from consumers for the purpose of litigation (i.e., the declarations are not the product of spontaneous, independent complaints from consumers); (4) that no declarant is subject to cross-examination; (5) that with reasonable effort the Commission could procure live testimony; (6) that, because the Commission seeks a $3.8 million judgment, the Commission should procure more probative evidence; (7) that, in fact, the Commission deposed four consumers; and (8) that no exceptional circumstance warrants admission of the declarations under Rule 807.

In this instance, unlike <u>Figgie</u>, the Commission offers each declaration to establish more than merely the extent of consumer injury, i.e. the price paid for the defendants' service.  Rather, the Commission offers the declarations as substantive evidence of the defendants' alleged deceptive statements and marketing material, the defendants' course of dealing with a consumer, and the defendants' failure to deliver promised services.  Unlike the letters in <u>Figgie</u>, the declarations proffered by the Commission derive from the Commission's contacting certain consumers and procuring a declaration for the purpose of litigation.  Although each declaration reports a similar experience and occurred under oath, no declaration presents the most probative evidence that the Commission could procure with reasonable effort.  The fact that the Commission purportedly deposed certain consumers belies the Commission's argument on this point.  Furthermore, although corroborated by other evidence, no statement is subject to cross-examination.  The Commission shows no exceptional circumstance warranting the admission of an un-cross-examined declaration into evidence as a substitute for live testimony (either in a deposition or at trial).  Accordingly, the Commission's motion to "pre-admit" certain consumer declarations is unpersuasive and merits denial.

### 4. Bishop's Motion to Exclude Testimony and Argument Concerning Mortgage Assistance Solutions

Bishop and McDaniel move (Doc. 308) to exclude as "irrelevant, immaterial, prejudicial, [and] erroneous" testimony and argument about Mortgage Assistance Solutions, LLC.  In response, the Commission argues (Doc. 333) that the evidence is admissible (1) to prove the likelihood of recidivism and the need for a permanent

injunction and (2) to demonstrate under Rule 404(b), Federal Rules of Evidence,

knowledge of the deceptive nature of the defendants' marketing material.  In this

instance, Bishop and McDaniel provide neither legal authority nor persuasive argument

in favor of exclusion.

### 5. The Commission's Motion to Strike
### Certain Deposition Designations

The Commission moves (Doc. 312) under Rule 32(a)(3), Federal Rules of Civil

Procedure, for an order striking certain deposition designations and "prohibiting [the

defendants] from using their own, or one another's, deposition transcripts for any reason

other [than] to contradict or impeach an opponent."  The defendants respond (Doc. 310)

and state that "if the [Commission] introduces portions of any of the defendants['] 

depositions, the defendants may require the [Commission] to introduce other parts that

in fairness should be considered with the part introduced."  In this instance, the

Commission's motion appears both premature and unnecessary.  Either the

Commission or the defendants may proffer deposition testimony at trial in accord with

the applicable rules of procedure and evidence and object on any legal basis.

### 6. Testimony by Video Conference

Both the Commission and the defendants Bishop and McDaniel move (Docs. 310,

314) to present testimony by video conference.  The requests are granted. Upon

receiving a trial date, both the Commission and the defendants shall immediately

contact the systems technology staff of the Sam M. Gibbons United States Courthouse

(813-301-5305) and coordinate the video conference for Tracey Sekora, Josephine

Bondoc, Donald Lightner, Jim Kutkowski, Dan Papajcik, and Kathy Lewis.

- 12 -

Conclusion

Accordingly, the Commission's motion (Doc. 271) to exclude the testimony of Thomas J. Maronick is **GRANTED**, and the motion (Doc. 311) to limit Maronick's testimony is **DENIED AS MOOT**.  Bishop's motion to exclude (Doc. 273) the testimony of Andrew Dale and Tom Van Wazer is **DENIED**.  Bishop's objection (Doc. 241) to the Commission's use of consumer declarations is **SUSTAINED**, and the Commission's motion (Dc. 307) to "pre-admit" the consumer declarations is **DENIED**.  Bishop and McDaniel's motion (Doc. 308) to exclude testimony and argument about Mortgage Assistance Solutions, LLC, is **DENIED**, and the Commission's motion (Doc. 312) to strike deposition designations is **DENIED**.  Both the Commission's motion (Doc. 314) and the defendants' motion (Doc. 310) to present testimony by video conference are **GRANTED**.  Bishop shall file a separate motion pertaining to electronic equipment under Local Rule 4.11(b).

ORDERED in Tampa, Florida, on July 7, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE